UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM LYNCH,

        Plaintiff,

v.                                           Case No. 19-cv-1601-pp

CHRISTINE M. HOLDER,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 11) AND GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

On October 31, 2019, plaintiff William Lynch, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. He did not provide the court with his trust account statement for the six months prior to October 2019, as required by the law. But on November 7, 2019, the court received from the plaintiff a trust account statement from Dodge Correctional Institution for the month of September 2019, showing a zero start balance, an ending balance of $0.14, and a number of entries in the "payable" column for restitution. Dkt. No. 6.

That same day, the clerk's office sent the plaintiff a letter explaining that he needed to submit a trust account statement from the time he was incarcerated to the date of the clerk's letter (November 7, 2019). Dkt. No. 7. Five days later, the court received the plaintiff's trust account statement for September 1, 2019 through November 8, 2019. Dkt. No. 8. It shows "average

1

monthly deposits" of $54.20 and a current "end balance" of $6.89 as of November 8. Dkt. No. 8. Although some of the plaintiff's money was deducted for child support payments, the plaintiff also made canteen purchases: $17.57 on October 24, 2019, $19.07 on October 30, 2019, and $11.25 on November 7. 2019. Id.

Based on the deposit activity shown on that statement, on November 12, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $16.24 by December 3, 2019. Dkt. No. 9. The court advised the plaintiff that after he paid this amount, the court would determine whether the case could proceed.

On November 18, 2019, the court received from the plaintiff a request to proceed without paying the initial partial filing fee. Dkt. No. 11. He explained that he had no money in his regular account because he has monthly payments for child support, postage and envelopes. Id. He said that he had no money in his release account because he only recently became incarcerated. Id.

Due to its heavy docket, the court didn't rule on that motion right away. So the plaintiff sent a letter, which the court received on December 19, 2019, reiterating that he couldn't afford to pay the filing fee. Dkt. No. 14. The court received another letter on December 23, 2019, dkt. no. 15, and another on December 30, 2019, dkt. no. 16 (this one focused on the several letters the plaintiff had sent the court, and asked whether the defendant was aware of his complaint). The clerk's office responded on December 30, 2019, reminding the plaintiff that the court had ordered him to pay in initial partial filing fee. Dkt. No. 16-1. The plaintiff responded by sending another letter saying that he did

not have the funds to pay the initial partial filing fee and saying that he was attaching his December trust account statement. Dkt. No. 17. The attached statement is for the month of December 2019, from the Prairie du Chien Correctional Institution (where the plaintiff now lives). Dkt. No. 17-1. It does not show deposits—all it shows is the starting account balance (almost zero in both his regular and release accounts) and the ending balance (again almost zero in both accounts).

"In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It is not enough that the prisoner lack assets on the date he files the lawsuit. Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997) (overruled on other grounds). "If that were so, then a prisoner could squander his trust account and avoid the fee." Id. Section 1915(b)(4) applies "only when the prisoner has no assets and *no means* by which to pay the initial partial filing fee." Id. A prisoner with periodic income has "means" even when he lacks "assets." Id.

The plaintiff made a total of $47.89 in canteen purchases in the month before he filed this lawsuit. If he had forgone even one of these three canteen purchases, he could have paid the $16.24 initial partial filing fee. It appears that the reason the plaintiff did not have the money to pay the initial partial filing fee by December 3, 2019 was because he decided to use his money on canteen purchases instead. The plaintiff clearly knew that he was going to file a lawsuit—his complaint complains of things that happened three months before

3

he filed it. That being said, it now appears that the plaintiff has no funds to pay the fee.

The court will grant the plaintiff's motion to waive the initial partial filing fee. The court notes, however, that the plaintiff still owes the filing fee, and that he must pay it over time in the manner described at the end of this order.

The court also notes that it has received all the plaintiff's letters. The court has not responded because (a) it has a heavy backload of cases and cannot always respond to a plaintiff immediately, (b) it responds to motions asking it to do something, and the plaintiff's letters weren't asking the court to do anything, and (c) it has not yet screened the plaintiff's complaint to decide whether to allow him to proceed (because he had not paid the initial partial filing fee), so there was no need for the court to send anything to the defendant.

Now that the court has agreed to waive the initial partial filing fee, it will screen the plaintiff's complaint as soon as it can. Once it does so, it will send the plaintiff an order. Until then, the court urges the plaintiff to be patient. He does not need to file anything else until he gets a "screening" order from the court.

The court **GRANTS** the plaintiff's motion to waive the initial partial filing fee. Dkt. No. 11.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $350 filing fee by collecting

monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding months' income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the warden of Prairie du Chien Correctional Institution, where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 10th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**