UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM LYNCH,

                Plaintiff,

v.                                                          Case No. 19-cv-1601-pp

CHRISTINE M. HOLDER,

                Defendant.

---

**ORDER SCREENING AND DISMISSING COMPLAINT**

---

Plaintiff William Lynch, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights by making false accusations against him. Dkt. No. 1. Because the plaintiff has not sued a state actor, the court must dismiss the complaint for failure to state a claim.

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act ("PLRA"), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff says that on May 7, 2019, he was arrested at his probation officer's office and taken to the Richland County Jail. Dkt. No. 1 at 2. Several days later, on May 9, 2019, a Grant County deputy told the plaintiff that the reason he'd been arrested was because the defendant had filed a report saying that the plaintiff had gone to her house on May 4, 2019, held her against her will and refused to let her leave. Id. at 2-3. The plaintiff asserted that the defendant also had told the deputy that the plaintiff had gone to her house the following day (May 5, 2019), gotten out of his car with a shotgun and

2

threatened her and her friend. Id. at 3. The plaintiff alleges that the defendant made "several" false accusations. Id.

The plaintiff explains that someone investigated and sent a report to the Grant County District Attorney, who declined to file any "charges" against the plaintiff. Id. The plaintiff says that "they"—probably the district attorney's office—said that there was no evidence or proof "any of the reports happened." Id. But on July 27, 2019, there was a revocation hearing. Id. The plaintiff alleges that there was a subpoena for the defendant to appear, but that she did not show up at the hearing. Id. The plaintiff asserts that he lost the revocation and received a sentence of two and a half years. Id. The plaintiff states that

> what [the defendant] did was wrong. She lied, made false reports and acuzations on me that caused me to be jailed. I've lost 2½ years of my life because of lies. I've lost wages, etc. It has caused me a lot of pain and suffering because of what [the defendant] did. I've lost everything because of what [the defendant] has done. How can someone make false acuzations, file false police reports, and not have to pay for the damage they have done. Im Incarcerated because of her lies.

Id. at 4-5.

The plaintiff has asked the court to order the defendant to pay him lost wages for the two and a half years he'll be incarcerated and damages for pain and suffering, as well as to require the defendant to explain why she lied and filed false reports. Id. at 5.

C. Analysis

The plaintiff has filed his case in federal court. Federal courts have limited jurisdiction. They can hear and decided cases involving violations of federal laws or the federal Constitution. They also can hear cases where a

3

citizen of one state has sued a citizen of another state, if the amount of money involved is large enough. The complaint indicates that the plaintiff lives in Wisconsin; the Wisconsin DOC inmate locator web site indicates that he is at Prairie du Chien Correctional Institution, see https://appsdoc.wi.gov/lop/detail.do, last visited February 27, 2020. It also indicates that the defendant lives in Boscobel, Wisconsin. Dkt. No. 1 at 2. Because both parties live in Wisconsin, this court does not have the authority to consider the plaintiff's claim unless he has alleged a violation of federal law or the federal Constitution.

The plaintiff may be alleging that the defendant violated his rights under the United States Constitution—in other words, violated his "civil rights." Under 42 U.S.C. §1983, a person may sue someone else for violating his constitutional rights if he alleges that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 allows a plaintiff to sue individuals "acting under the color of state law" because it is intended to "deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)).

4

As far as the court can tell, the defendant is a private citizen. The plaintiff has not alleged that she was a state employee when she made the accusations against the plaintiff. The plaintiff has not alleged that she made the accusations while acting "under color of state law." In other words, if she *was* a state employee, she didn't make the accusations as part of her job as a state employee.

A plaintiff also may sue someone for conspiring with state actors to violate his constitutional rights. To establish §1983 liability through a "conspiracy theory," the plaintiff must demonstrate that (1) a state official and private individuals reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individuals were willful participants in joint activity with the State or its agents. Id.

The plaintiff has not alleged that the defendant "reached an understanding" with any state actors to deprive him of his rights. In fact, he says that when state actors—the district attorney's office—reviewed the defendant's claims, those state actors decided not to bring charges because there was not enough evidence to support the defendant's claims. So the plaintiff has not alleged a conspiracy under §1983.

It seems to the court that the plaintiff is claiming that the defendant lied about him. In the law, lying about someone and causing them harm as a result is called "defamation." A person who lies in writing commits "libel," and a person who lies orally commits "slander." Defamation (including libel and slander) are *state-law* claims. A Wisconsin resident who wants to sue another

5

Wisconsin resident for lying about him may do so in *state* court, but not in *federal* court.

Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint.

D.   Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**